## In the Matter of James O. CUPP

### No. 46S00–0409–DI–415.

Supreme Court of Indiana.

Jan. 31, 2005.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Su-

preme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

Facts: Respondent was appointed July 25, 2002, as a public defender, to represent an individual incarcerated pending a probation revocation hearing. Before the hearing, respondent never communicated with or corresponded with the client. The client did not know he had an attorney until October 3, 2002. In the interim respondent had sought and obtained two continuances without the client's knowledge. Before the revocation hearing, the client provided respondent with written responses to each of the probation department's allegations. The client had prepared the information only for the respondent's preparation of the case and never intended anyone else to see the document. The final evidentiary hearing was scheduled a week or so later. Respondent never visited the defendant beforehand to discuss the written materials or the case. During the hearing, without the client's consent, respondent introduced into evidence the client's written explanations. The court revoked the client's probation and sentenced him to serve the remaining four years of his sentence.

Violations: Respondent's conduct violated Ind. Professional Conduct Rule 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation and Prof. Cond.R. 1.6(a), which prohibits a lawyer from revealing information related to representation of a client without the client's consent.

Discipline: Public Reprimand

Having considered the submission of the parties, and only because of our policy favoring agreements between the Commission and attorneys facing disciplinary charges, the Court now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

SHEPARD, C.J. and SULLIVAN, BOEHM and RUCKER, JJ. concur.

DICKSON, J, dissents, believing the discipline to be inadequate.